EASTERN DIST.
*April,* 1840.

HART ET AL.
*vs.*
WINDLE.

---

### HART ET AL. *vs.* WINDLE.

#### APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

When the plaintiff, by a special endorsement, parts with his interest to another, he must show his title by a re-transfer. Mere possession of the note is not sufficient.

Where the endorsee is merely the agent of the plaintiff, the latter may sue in his own name. But such fact cannot be presumed; it must be alleged and proved.

So, in this case, it was alleged that the special endorsement of the plaintiff to G., was for the purpose of collection; but the fact was not proved, and the presumption resulting from possession, is insufficient.

This is an action against the maker of the following promissory note:

"$1248 50        NATCHITOCHES, July 15, 1838.

"Twelve months after date, I promise to pay to the order of Michael Colgan, the sum of one thousand two hundred and forty-eight dollars and fifty cents, for value received, negotiable and payable at the Branch of the City Bank of New-Orleans, at Natchitoches."

"HENRY WINDLE."

*Endorsed.*

"M. COLGAN."   Pay W. GREENEWALT, or order."
"HART, LABAT & Co."
"W. GREENEWALT."

34   VOL. XV.

The plaintiffs allege that said note was by them endorsed over to W. Greenewalt, for the purpose of collection, and placed by him in the Branch of the City Bank at Natchitoches for that purpose, and was protested for non-payment; he prays that the defendant be held to bail and condemned to pay the amount.

The defendant pleaded a general denial. The plaintiffs offered the protest and note in evidence, and proved the signature of the payee and first endorser, and had judgment against the defendant, and he appealed.

*L. Janin* and *Johnson*, for the plaintiffs, prayed affirmance of the judgment with damages; and relied upon the case of *Hill et al.* vs. *Holmes & Smith*, 12 *Louisiana Reports*, 97.

*Ives* and *I. W. Smith*, for the defendant, insisted,

1. That there should be judgment of non-suit for the defendant, because there was no evidence of the endorsement of W. Greenewalt.

2. There was a special endorsement to Greenewalt, which made it necessary to prove his signature, which was not done.

*Bullard, J.*, delivered the opinion of the court.

This is an action against the maker of a promissory note by the endorsees. The note was made payable to Colgan or order, and endorsed by him in blank. It bears also the subsequent special endorsement of the present plaintiffs to W. Greenewalt. The plaintiffs allege that this last endorsement was made merely for the purpose of enabling Greenewalt, as their agent, to collect the note at maturity for their benefit, and that it was by him placed for collection in bank, and protested.

It was said by this court, in the case of *Dicks* vs. *Cash et al.*, 6 *Martin, N. S.*, 45, that if it appeared that the endorsee was merely the agent of the petitioners, the decision would have been different, but that such fact could not be presumed. The general rule is undoubtedly, that where the endorsement is a special one, the plaintiffs must show their title by a

re-transfer. Mere possession of the bill is not sufficient. 7 *Martin, N. S.*, 254; 2 *Louisiana Reports*, 193.

In this case the allegation that the note was endorsed by the plaintiffs, merely for collection, is not proved. The presumption resulting from the possession of the note is insufficient.

The judgment of the Commercial Court is, therefore, reversed, and ours is for the defendant, as in the case of a non-suit, with costs in both courts.